EDWIN R. KRAMER, THEODORE A. GIATTINI, ALAN V. RUSHTON and ROLF H. BOULON, Plaintiffs

v.

GOVERNMENT OF THE VIRGIN ISLANDS; BOARD OF ZONING, SUBDIVISION AND BUILDING APPEALS OF THE VIRGIN ISLANDS, Defendants, ST. CROIX DRIVE–IN THEATER, Intervener

Civil No. 102-1970

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 28, 1972

GIBBS & SELKE, ESQS. (ARNOLD M. SELKE, of counsel), Charlotte Amalie, St. Thomas, V.I., *for plaintiffs*

ATTORNEY GENERAL of the Virgin Islands, *for defendants*

BORNN, McLAUGHLIN & FINUCAN, ESQS. (CLARENCE A. McLAUGHLIN, of counsel), Charlotte Amalie, St. Thomas, V.I., *for intervener*

CHRISTIAN, *Chief Judge*

MEMORANDUM

This court is called upon to review the decision of the Board of Zoning, Subdivision and Building Appeals (Board

of Appeals) in granting an exception in a primarily residential area to erect a drive-in theatre.

The cause was previously before me at which time it was the holding of the court that these plaintiffs did not come within the statutory class of ". . . any person aggrieved" and thus lacked standing to appeal the decision of the Board of Appeals. The United States Court of Appeals for the Third Circuit reversed[1] and remanded the case for further proceedings in accordance with the opinion of that court.

 In the Memorandum supporting the Order now reversed by the circuit court, I had stated, "[E]xamination of the record of the Board's (of Appeals) proceedings indicates that the Board did not exceed its authority in granting an exception for 'recreational' use, and that its decision to do so was based on 'relevant evidence' acceptable to a 'reasonable mind' " (citation omitted). Still being so persuaded, I elaborate, as follows.

The exception was granted under a statutory allowance for "recreation" within the zone, and plaintiffs argue that the Board improperly interpreted that term to include such an open-air theatre. Plaintiffs maintain that the proper reading of the term "recreation" is limited by analogy to the examples offered in Title 29 V.I.C. § 261(7)— "golf courses, boat harbors and bathing beaches,"—and that the significance of these examples is to permit only active participant outdoor diversions—"fun in the sun" as plaintiffs describe it. Plaintiffs admit, however, as they must, that the definition provided in § 261 specifically states that it includes, but is not limited to, the specific examples. They argue nevertheless that only precisely parallel uses may be approved as recreational exceptions.

---

[1] Kramer v. Government of the Virgin Islands, 8 V.I. 449 (3rd Cir. 1971).

The Board of Appeals, after reviewing the matter, determined that the proposed outdoor theatre did constitute "recreation" under the statute, and by reference to common community understanding of the term, that decision is not unreasonable. Had the legislature intended to limit permissible recreational uses as plaintiffs would have us believe, more precise language was certainly available. To hint, by reference to a few examples, that a specific zoning limitation is intended is not in conformity with proper legislation. Thus the Board of Appeals was justified in assuming that it had been delegated the authority to responsibly evaluate proposals for recreational development in the zone and, based on the specific facts before it, make a decision. The record, brief and somewhat informal though it is, does reflect that the Board of Appeals considered the statutorily mandated factors and based on the record, its decision to permit inclusion of an outdoor theatre under the category of "recreation" appears reasonable and well-supported by the evidence.

In this posture, the role of this court in review is restricted. The U.S. Supreme Court in N.L.R.B. v. Hearst Publications (1943), 322 U.S. 111, 131, held that a lower court erred in arrogating unto itself the power to reverse an agency's decision as to the specific application of a general statutory term. The court said:

"Undoubtedly questions of statutory interpretation especially when arising in the first instance in judicial proceedings, are for the courts to resolve, giving appropriate weight to the judgments of those whose special duty is to administer the questioned statute. But where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited. Like the commissioner's determination . . . that a man . . . was injured 'in the course of employment', and the F.C.C.'s determination that one company is under the 'control' of another, the Board's determination that specified persons are 'employees'

248

under [the National Labor Relations Act] is to be accepted if it has 'warrant in the record' and a reasonable basis in law."

So in this instance, the Board of Appeals has determined that a drive-in theatre constitutes "recreation" in the community. Under this broad term the intent in an administrative scheme is to permit the agency with daily experience, expertise and particular facts to give content and definition as the practical necessities become clear. The Board of Appeals has properly attempted to apply its information to this term, and under the circumstances that decision should not be disturbed.

Plaintiffs have criticized the Board of Appeals' record and report as inadequate to allow review by this court, because of its failure to provide a stenographic record of the proceedings, and on that basis have suggested that the matter be remanded for a rehearing. Plaintiffs do not charge that the record before the court is barren of factual findings, but rather that the findings are unsupported by a record of the precise testimony submitted. In this objection plaintiffs must fail because neither statute nor case law requires a transcript of administrative proceedings as a requisite to judicial review; rather the contrary. The rule, as summarized in Davis on Administrative Law, Vol. 2 § 16.06, is a practical one focused on the need to provide reasonably complete information on the relevant issues, reflecting the agency's decision as to each, so that the court may determine whether a correct rule of law has been applied and whether the agency had before it substantial evidence to support its decision. Specifically that treatise explains:

"Facts might theoretically be lined up on a scale from the most specific to the most general. At one end is each statement of each witness, then a summary of the testimony and other evidence on each side, then the basic findings, and at the opposite end the ultimate findings. Courts do not want agencies to include detailed

249

summaries of testimony in their findings; they want what they call the basic facts." (Davis at page 450.)

The minimum required of an agency in this context is that its findings "fairly disclose . . . the basic facts upon which the board relies and its ultimate conclusions therefrom within the limits of the controlling statutory provisions and standards." Penn R. Co. v. Department of Public Utilities, 14 N.J. 411, 436; 102 A.2d 618, 631 (1954); and "given that the report contains all the essential findings required . . . the Commission is not compelled to annotate to each finding the evidence supporting it," U.S. v. Pierce Auto Lines, 327 U.S. 515, 529 (1946). Thus, general principles of law do not require a transcript of administrative proceedings preliminary to judicial review, and while the court, in its rule-making capacity is clearly empowered to insist on more than this minimum standard,[2] the record before the court does not fail as a matter of law for the absence of a verbatim record.

Plaintiffs cite numerous cases in support of their contention that, as a matter of law, a drive-in theatre cannot be permitted under the recreational exception in the zoning ordinance, but none of the authorities they rely on are in point. For the most part, the cases recited involve entirely different issues, and where the issues are related, the statutes are very dissimilar. We are not faced with a simple residential zone, but rather with a zoning structure combining residences and various other developments, specifically including recreational areas. Thus, cases which characterize drive-in theatres as "commercial" or "business" ventures are not dispositive, because, for example, golf courses which are specifically permitted by this

---

[2] This court has ordered that transcripts be provided in all requests for review of decisions of the Board of Zoning, Subdivision and Building Appeals from the date of August 14, 1970 forward, but the proceedings in issue predate that Order. Nester, et al. v. Board of Zoning Appeals, Civ. No. 305-1968.

statute are clearly "commercial". The true question, which none of plaintiffs' cases raise or decide, is whether the activity in question is "recreational", regardless of whether it also involves commerce or profit.

Both as a matter of law and of reason, I am convinced that plaintiffs cannot prevail in this action. The injunction requested will be denied, and the decision of the Board of Zoning, Subdivision and Building Appeals in approving the application of St. Croix Drive-In Theater, Inc., for an exception for recreational purposes, is affirmed.