**UPHOLSTERED FURNITURE ACTION COUNCIL et al., Plaintiffs,**

v.

**CALIFORNIA BUREAU OF HOME FURNISHINGS et al., Defendants.**

**Civ. No. S-75-434.**

United States District Court, E. D. California.

March 18, 1976.

Thomas W. Power, Washington, D. C., V. Barlow Goff, McDonough, Holland, Schwartz & Allen, Sacramento, Cal., Joseph A. Ball, Ball, Hunt, Hart, Brown & Baerwitz, Beverly Hills, Cal., Eddy S. Feldman, Los Angeles, Cal., for plaintiffs.

Evelle J. Younger, Atty. Gen., William M. Goode, Deputy Atty. Gen., Sacramento, Cal., for defendants.

### MEMORANDUM AND ORDER

WILKINS, District Judge.

On August 25, 1975, this Court heard argument on the issue of preemption and ruled in favor of defendants with regard to dismissing the complaint insofar as it pertained to the issue of preemption. The final order was entered on October 9, 1975. Subsequent to the issuance of said order a three-judge court was convened pursuant to 28 U.S.C. § 2281 to hear the constitutional issues. A hearing was held on October 24, 1975, by the three-judge panel. In their briefs, and at oral argument, plaintiffs urged the three-judge court to reconsider the preemption issue. Pursuant to Federal Rule of Civil Procedure 60(b), the three-judge panel considered the motion and re-

---

manded the cause to the single judge for reconsideration of the preemption issue.[1]

■ This Court has reviewed carefully the preemption issue and is of the opinion that its prior determination was incorrect. For the reasons stated below, this Court rescinds its prior order granting the motion to dismiss and denying injunctive relief.

The basis of this Court's prior determination was Section 1203 of the Flammable Fabrics Act, 15 U.S.C. §§ 1191–1204 which provides:

> This chapter is intended to supersede any law of any State or political subdivision thereof inconsistent with its provisions.

A review of the Code of Federal Regulations revealed a lack of regulations implementing the Flammable Fabrics Act as it pertained to textiles. This Court reasoned that since there were no Federal regulations, the California statute could not be in conflict or inconsistent with the above Federal statute. The flaw in this reasoning is that it creates a bias in favor of regulation as opposed to nonregulation. Such an approach would imply that the Federal government *must* regulate in order to preempt the field. The practical effect of such an approach might be to cause the administrative agency to draw up some regulations, even though it has determined that these are inconsistent with the stringent requirements of the act, simply to preclude regulation by the states.

The language of the statute and the legislative history, however, has persuaded the Court that the scheme envisioned by Congress in enacting the Flammable Fabrics Act contemplated a fairly wide band of nonregulation in this industry and that state statutes seeking to impose regulations within that band are inconsistent with that scheme. The Senate report regarding the Flammable Fabrics Act stated as follows:

> The mass production, high volume, and national marketing character of the textile industry requires that flammability standards be uniform throughout the country. Accordingly, the bill would preempt any law of any state or political subdivision thereof which is inconsistent with its provisions.

> This bill would not affect the State's ability to set more stringent requirements for their own procurement and for State and local fire building codes. However, it would avoid multiple regulation of manufacturers covered by Federal Law.

103 Cong.Rec. 20,328 (July 27, 1967).

The above quoted portion of the Senate report is significant because it constitutes a congressional finding that this area inherently requires uniform national regulation. The Supreme Court in *Cooley v. Board of Wardens,* 12 How. 299, 53 U.S. 299, 13 L.Ed. 996 (1851) first stated the rule of preemption:

> Now the power to regulate commerce, embraces a vast field, containing not only many, but exceedingly various subjects, quite unlike in their nature; some imperatively demanding a single uniform rule, operating equally on the commerce of the United States in every port; and some, like the subject now in question, as imperatively demanding that diversity, which alone can meet the local necessities of navigation.

> . . . Whatever subjects of this power are in their nature national, or admit only of one uniform system, or plan or regulation, may justly be said to be of such a nature as to require exclusive legislation by Congress.

> *Id.,* at 319.

In *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947), the Supreme Court again discussed the concept of preemption. The Court was discussing the purpose of Congress to preempt a particular field when it said:

> Such a purpose may be evidenced in several ways. The scheme of federal regula-

---

1. Since the claim is premised upon the Supremacy Clause of the Constitution, this case falls within the rule that a three-judge court is not required in supremacy clause cases involv-ing only federal-state statutory conflicts. *Swift & Company v. Wickham,* 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

tion may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it. . . . Or the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject. . . Likewise, the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose. . . . Or the state policy may produce a result inconsistent with the objective of the federal statute.

In a recent case, the Supreme Court again discussed the preemption concept. In *City of Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973), the Court held that local regulation of air traffic for the purpose of noise prevention was preempted by the Federal Aviation Act, 49 U.S.C. § 1301 et seq. One of the reasons why local regulation was deemed hazardous was the possibility that other municipalities would enact noise control ordinances and that fractionalized control of the timing of takeoffs and landings would severely limit the flexibility of the Federal Aviation Act in controlling the flow of air traffic. Another important factor present in that case was that there, as here, Federal regulations were authorized but never issued.

The same type of problem is present here. Should other states follow the lead of California and enact legislation dealing with the flammability of upholstered furniture, the result would be the very thing Congress did not want. Congress specifically wanted to avoid multiple regulation of manufacturers. The facts of this case, namely, that many of the parties do business throughout the country, indicate that Congress was correct when it stated that the character of the textile industry requires that flammability standards be uniform throughout the country. While the California statute, and regulations promulgated thereunder, is not in conflict with a particular regulation under the Federal plan, the statute is in conflict with the overall scheme as set out by Congress. The California statute falls within that area that has been preempted by Congress and, under the Supremacy Clause, Article VI, Section 2 of the United States Constitution, the statute cannot stand.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same is, hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be, and the same is, hereby granted in the following respects:

The defendants, their agents, and employees are hereby permanently enjoined from enforcing California Business and Professions Code § 19161 and the regulations promulgated thereunder.