**UPHOLSTERED FURNITURE ACTION COUNCIL et al., Plaintiffs,**

v.

**CALIFORNIA BUREAU OF HOME FURNISHINGS et al., Defendants.**

No. Civ. S–75–434.

United States District Court,
E. D. California.

Jan. 24, 1977.

See also, D.C., 415 F.Supp. 63.

Joseph A. Ball, John R. McDonough, Ball, Hunt, Hart, Brown & Baerwitz, Beverly Hills, Cal., Thomas W. Power, Washington, D. C., V. Barlow Goff, McDonough, Holland, Schwartz & Allen, Sacramento, Cal., Eddy S. Feldman, Los Angeles, Cal., for plaintiffs.

Evelle J. Younger, Atty. Gen. of the State of California, William M. Goode, Deputy Atty. Gen., Sacramento, Cal., for defendants.

## OPINION

Before KENNEDY, Circuit Judge, and EAST and WILKINS, District Judges.*

* Honorable Anthony M. Kennedy, United States Circuit Judge for the Ninth Circuit, Honorable William G. East, Senior United States District Judge for the District of Oregon, and Honorable Philip C. Wilkins, United States District Judge for the Eastern District of California, constituting a statutory three-judge district court by designation of Chief Judge Richard H.

WILKINS, District Judge:

Plaintiffs are upholstered furniture manufacturers and nonprofit trade associations whose members include furniture manufacturers. The plaintiff-intervenor is the California Furniture Manufacturers Association. Defendants include the California Bureau of Home Furnishings (CBHF) and the California Department of Consumer Affairs, agencies of the State of California.[1]

Plaintiffs in this action seek to invalidate Cal.Bus. & Prof.Code § 19161 (West Supp. 1976) and the regulations promulgated thereunder. Section 19161 provides:

On or after October 1, 1975, all upholstered furniture sold or offered for sale by a manufacturer or wholesaler for use in this state, including any upholstered furniture sold to or offered for sale for use in a hotel, motel, or other place of public accommodation in this state, shall be fire retardant and shall be labeled in a manner specified by the bureau. "Fire retardant," as used in this section, means a product that meets the regulations adopted by the bureau.

Pursuant to this statute, the CBHF promulgated a regulation dealing with the fire retardancy of upholstered furniture. 4 Cal. Adm.Code § 1374. That section provides that upholstered furniture materials must meet the combustibility tests of Technical Bulletin 117, subsections A to F. Subsections A through E of the Bulletin (effective October 1, 1975) deal with the fire retardance of filling materials used in upholstered furniture. Subsection F deals with the fire retardance of upholstered furni-

ture; it is prospective in effect since its effective date is October 1, 1977.[2]

Plaintiffs challenge section 19161 and the above regulations on several grounds.[3] They contend that the statute and regulations violate the commerce clause, U.S. Const. art. I, § 8, cl. 3, and the equal protection and due process clauses of the fourteenth amendment. Plaintiffs also claim that section 19161 constitutes an unlawful delegation of power in violation of the California Constitution, and is further unlawful, in that it contravenes Cal. Gov't Code §§ 11373 and 11374 (West 1966). This court has jurisdiction under 28 U.S.C. §§ 1331, 2201, 2202, 2281, and 2284.

Plaintiffs seek injunctive relief and move for summary judgment under Fed.R.Civ.P. 56. Defendants seek dismissal for failure to state a claim, and have submitted affidavits in support of this motion. Pursuant to Fed.R.Civ.P. 12(b), we have heard the parties on cross motions for summary judgment.

### State Law Questions and Abstention

As noted above, plaintiffs raise several state claims in support of their motion. While the issue was not raised by the parties, we must consider whether it is proper to abstain from deciding the federal question on the ground that questions of federal law exist which might make constitutional decision unnecessary. *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Abstention is proper when the challenged state statute

Chambers for the Ninth Circuit, dated September 10, 1975.

1. Other named defendants are Howard Winslow, chief of the CBHF, and Taketsugu Takei, Director of the Department of Consumer Affairs.

2. The effect of this regulation was deferred until 1977 because the CBHF did not believe that the industry was at present capable of complying.

3. Plaintiffs raised the issue of preemption before the single judge. Upon remand by this court, the single judge held that the state statute was preempted. *Upholstered Furniture Ac-*

*tion Council v. California Bureau of Home Furnishings,* 415 F.Supp. 63 (E.D.Cal.1976). The order of injunction was dissolved on November 8, 1976, as a result of the enactment of the Consumer Products Safety Commission Improvements Act of 1976, Pub.L. No. 94–284. Thus, the case is once again before this court on the constitutional issues.

The parties have renewed their respective motions and have requested an early hearing date so as to allow an expeditious adjudication of the merits. The court has received and considered the supplemental documents of the parties and is of the opinion that further argument is unnecessary.

is susceptible of a construction by the state court that would avoid or modify the federal constitutional question. *Harrison v. N.A. A.C.P.*, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). Abstention is proper, however, only where the issue of state law is uncertain. *Harman v. Forssenius*, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). We examine the state issues below and conclude that abstention is improper in this case.

We turn first to the question of unlawful delegation of legislative power. It is plaintiffs' contention that section 19161 does not contain sufficient standards to guide the administrative agency in the adoption of regulations. The standard "fire retardant" is, according to plaintiffs, insufficient because the term may have several meanings, none of which has gained general acceptance in the furniture manufacturing business. The defendants counter by arguing that the terms "fire" and "retardant" have a common meaning that is clearly understandable, and thus the term is a sufficiently certain standard by which to guide the CBHF. Additionally, defendants point to the fact that this is an area of changing technology and that section 19161 provides needed flexibility by permitting flammability standards to be issued under rule-making procedures rather than having them fixed by law, in much the same way as was prescribed by Congress in passing the Flammable Fabrics Act, 15 U.S.C. §§ 1191–1204. *See* H.R.Rep. No. 972, 90th Cong., 1st Sess., *reprinted in* [1967] U.S.Code Cong. & Admin.News p. 2132.

■ The doctrine prohibiting delegations of legislative power is not necessarily violated if the legislature makes the fundamental policy decision and leaves to some other body the task of achieving the goal envisioned in the legislation. *People* ex rel. *Younger v. El Dorado County*, 5 Cal.3d 480, 96 Cal.Rptr. 553, 487 P.2d 1193 (1971). The fundamental policy decision presented in the instant case concerned the danger to human life presented by fires in · upholstered furniture. The California legislature knew that Congress recognized the problem

but had not moved to solve it. During this time the problem was present and created a hazard to the health of California citizens. The obvious goal of this legislation was to protect the people of California in the best way possible, and the legislature left to the CBHF the task of achieving that goal.

■ With respect to the question of standards for administrative action, the general rule is that a legislative body cannot confer unlimited power upon an administrative officer or agency without designating standards to guide his or its action. There are, however, limitations to this general rule. *In re Peterson*, 51 Cal.2d 177, 331 P.2d 24 (1958); *Takata v. City of Los Angeles*, 184 Cal.App.2d 154, 7 Cal.Rptr. 516 (1960). The absence of express standards does not mean that the agency may act arbitrarily or oppressively; it is presumed that the agency will duly perform its public duty. *In re Peterson, supra*, at 185, 331 P.2d 24. Additionally, standards may be implicit in the purposes of the legislation. *Rescue Army v. Municipal Court*, 28 Cal.2d 460, 471, 171 P.2d 8 (1946).

■ It is obvious that the California legislature wanted to minimize the chance of injury resulting from upholstered furniture fires. The standard implicit in this goal is the achievement of the greatest possible safety under the current state of the art. Plaintiffs point out that regulations pertaining to cigarette smoldering, the prime cause of upholstered furniture fires, will not become effective until October 1, 1977. However, the CBHF indicated that the prevention of cigarette smoldering fires was not yet within the technological capabilities of the furniture industry and thus the highest absolute standards could not be achieved at the present time. Nor do plaintiffs argue that they could comply with a cigarette smoldering test. The CBHF, therefore, had to settle on the best available standards until such time as technology would provide a permanent solution to the problem. The CBHF has worked within the statutory framework and we are of the opinion that the California courts would consider the·

surrounding circumstances and find a lawful delegation of legislative power.[4]

■ Plaintiffs seek to invalidate section 19161 on the additional ground that it contravenes two sections of the California Government Code. Cal. Gov't Code § 11373 provides:

Except as provided in Section 11409, nothing in this chapter confers authority upon or augments the authority of any state agency to adopt, administer, or enforce any regulation. Each regulation adopted, to be effective, must be within the scope of authority conferred and in accordance with the standards prescribed by other provisions of law.

Plaintiffs argue that since section 19161 speaks in terms of "fire retardance" whereas the regulations promulgated by the CBHF speak in terms of "flame retardance," the regulations do not address the terms of the statute and are outside the authority conferred upon the CBHF. We cannot agree. Fire retardance is a concept broader than flame retardance. Thus, while, as acknowledged earlier, the regulations do not deal with *all* the evils the legislature sought to prevent, the evils it does seek to alleviate—retardance of certain types of fires, those caused by open flames—are within the authority conferred by the statute.

■ Plaintiffs' other argument in this vein concerns Cal.Gov't Code § 11374, which states:

Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.

Again, plaintiffs ask us to make a technical distinction which we are unwilling to make. The purpose of the California statute, prevention of fires in upholstered furniture, is sufficiently clear. The regulations promulgated by the CBHF are consistent with this purpose. While the regulations may not completely alleviate the problem, they certainly are within the scope of the statute and are reasonably necessary to effectuate its purpose.

■ From the foregoing discussion, it is clear that no issue of California law presented herein depends on application of unsettled state law principles. Further, there is no reasonable construction or interpretation of the state statute that would avoid or modify the federal constitutional question. *Wisconsin v. Constantineau,* 400 U.S. 433, 439, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), *Lake Carriers' Ass'n v. MacMullan,* 406 U.S. 498, 511, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). In this case, we can find no justification or authority under principles of comity in state-federal relations for the delay and expense to which application of the abstention doctrine invariably gives rise. We therefore turn to the constitutional challenges made by plaintiffs.

*Federal Constitutional Claims*

Plaintiffs assert that the regulations are inconsistent with the commerce clause and the fourteenth amendment of the United States Constitution.

■ On the commerce clause issue, plaintiffs conceded at oral argument that the evidence fails to show that Cal.Bus. & Prof. Code § 19161 discriminates against the out-of-state manufacturer. But plaintiffs maintain that the statute imposes an undue burden on interstate commerce. In determining whether or not a state regulation is a prohibited interference with interstate commerce, we must weigh the nature and urgency of the state interest and the efficacy of the means adopted for achieving that end, on the one hand, against the degree of interference with interstate business, on the other. *Southern Pacific Co. v. Arizona,* 325 U.S. 761, 65 S.Ct. 1515, 89 L.Ed. 1915 (1945); *Bibb v. Navajo Freight Lines, Inc.,* 359 U.S. 520, 79 S.Ct. 962, 3 L.Ed.2d 1003 (1959).

---

**4.** The above rationale equally applies to Cal. Bus. & Prof.Code § 19161.5.

We find, in that respect, that the state interest here involved—the prevention of serious fires in the home by excluding highly flammable substances from upholstered furniture—is most vital. Plaintiffs' argument that the statute and regulations will have no beneficial effect, and in fact may in some cases cause greater dangers from the inhalation and dangerous gases, is not well taken. The court has examined the affidavits of experts supporting both sides and can only conclude that there is disagreement in the scientific community as to what the most appropriate steps are for dealing with the problem. The weight of the evidence before us supports the conclusion that the legislature chose a reasonable method for dealing with this serious problem, including the safety of the citizenry. We find that the legislation will no doubt have some impact on interstate commerce, primarily in causing some manufacturers to carry dual inventories, one for California and another for the rest of the nation, thereby increasing their cost of doing business. This, however, is an incidental effect which is not, in all circumstances of the case, a sufficient basis for striking down the state regulatory scheme which accomplishes a safety purpose of such high priority. Where a state regulates evenhandedly to effectuate a legitimate local interest, and the effects on interstate commerce are, by comparison, slight, its laws will not be struck down as violative of the commerce clause of the Constitution. *Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960).

Nor do we find that the statute violates the due process or equal protection clauses of the fourteenth amendment. The conclusion of the commerce clause analysis that the legislation here in question is reasonably designed to deal with a legitimate state problem, is more than sufficient to answer plaintiffs' arguments on this point, and no separate analysis is necessary. Indeed, in assessing a claim that a state economic regulatory scheme deprives plaintiff of due process, it is enough to show that the legislature could have perceived the need for statutory control and that the specific regulation adopted is one of several possible alternatives to achieve that end. *Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).

IT IS THEREFORE ORDERED that plaintiffs' motions for summary judgment and injunctive relief be, and the same are, hereby denied;

IT IS FURTHER ORDERED that defendants' motion for summary judgment be, and the same is, hereby granted.