GREAT CRUZ BAY DEVELOPMENT CO., INC., Petitioner

v.

VIRGIN ISLANDS BOARD OF LAND USE APPEALS,
Respondents

and

CHARLES DWIGHT, PHILIP CAESAR, RINA JACOBS,
SABRA ERICKSON, ELAINE SAMUEL and ROBERT
DUNCAN, Intervenors

Civil No. 80-259

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 15, 1981

FREDERICK G. WATTS, ESQ. (LOUD, WATTS & MURNAN, ESQS.), St. Thomas, V.I., *for petitioner*

DONALD M. BOUTON, ESQ., Acting Attorney General of the Virgin Islands, By: DARYL C. BARNES, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondents*

EDITH L. BORNN, ESQ., St. Thomas, V.I., *for intervenors*

537

CHRISTIAN, *Chief Judge*

## OPINION

This is an appeal from a June 4, 1980, decision by the Board of Land Use Appeals taken by the Great Cruz Bay Development Co. See 12 V.I.C. § 914.

On appeal, Great Cruz Bay contends that the Board of Land Use Appeals (Board) lacked jurisdiction to render its decision and that the action of the Board deprived Great Cruz Bay of due process. Because of procedural irregularities and constitutional infirmities reflected in the record of the proceedings below, the decision of the Board will be vacated and the cause will be remanded.

## FACTS

In the fall of 1979, Great Cruz Bay applied to the Coastal Zone Management Committee of St. John (CZMC) for a permit to build a 201-unit condominium development, 50-room hotel and certain commercial facilities. The CZMC allowed 140 condominium units, approved the 50-room hotel and the commercial facilities provided, however, that 12 conditions be met.[1]

On or about February 25, 1980, a notice of intention to appeal to the Board of Land Use Appeals was filed by the intervenors[2] in this action. Great Cruz Bay filed its appeal to the Board of Land Use Appeals on March 28, 1980. In addition, Great Cruz Bay on May 5, 1980, filed an action in this Court seeking to enjoin the Board from hearing the intervenors' appeal and to declare the actions of the CZMC ultra vires and the underlying legislation unconstitutional. See Great Cruz Bay Development Co. v. Dwight, 1980 St. T. Supp. 238 (D.V.I. 1980). We found the action premature and directed the parties to exhaust administrative remedies, and dismissed the action without prejudice. Id.

On May 14, 1980, a hearing was held before the Board. Great Cruz Bay maintains that its rights to address the Board was unduly limited. On June 4, 1980, the Board rendered its decision. It re-

---

[1] Those conditions are submission of plans for sewage disposal, architecture, solid waste disposal, fire protection, electronical service, building heights, details of construction phases, project size determination, public access to shoreline, erosion and sedimentation control, landscape, flooding analysis and training program for the hotel. The issue of whether the CZMC's conditions are ultra vires is not before the Court.

[2] Intervenor Duncan was not a party to that proceeding. The intervenors are all concerned citizens of St. John who oppose the development of Great Cruz Bay on environmental grounds.

versed the decision of the CZMC and approved a modification of Great Cruz Bay's petition. The Board allowed construction of 100 condominium units with recreational facilities as well as the 50-unit hotel. No commercial facilities were approved. Great Cruz Bay then appealed the Board's decision to this Court. We allowed the St. John environmentalists to intervene in this action on February 27, 1981. Great Cruz Bay and the intervenors filed briefs in support of their contentions. The Board submitted no brief on its own but joined in the intervenors' brief.

Great Cruz Bay's first assertion is that the Board lacked jurisdiction to render its decision of June 4, 1980.[3] In support of that contention it maintains that the intervenors' appeal[4] to the Board was filed improperly and in an untimely manner. In addition, the Board failed to act in a timely fashion.

Great Cruz Bay's second assertion is that it was deprived of its due process rights before the Board. In support of its claim, Great Cruz Bay contends that: (1) the absence of a proper record makes the Board's action legally deficient; (2) the absence of findings of facts and conclusions makes the Board's decision void; (3) the absence of internal rules and regulations makes the appeal proceeding fatally defective; (4) The Coastal Zone Management Act is constitutionally infirm due to an impermissible delegation of legislative authority; (5) the Board exceeded its authority in imposing some of the CZMC conditions to the permit; and (6) the Board denied Great Cruz Bay the right to adequately defend the permit granted by the CZMC.

■ Before we address petitioner's assertions, we will outline our role in this administrative appeal. In our supervisory function, we must first ascertain whether the Board and the CZMC adopted a reasonable procedure with fair notice and opportunity to the parties to present their cause. Goldberg v. Kelly, 397 U.S. 254 (1970). Next we must determine whether the findings and conclusions made below are supported by substantial evidence. Greater Boston Television Corp. v. F.C.C., 444 F.2d 841, 850 (D.C. Cir. 1970); see Permian Basin Area Rate Cases, 390 U.S. 747, 791–92 (1968). Because the issues on this appeal are procedural we need not reach the substantive question.

---

[3] Great Cruz Bay maintains that the Board reached its decision on June 9. The Board contends that it gave notice of its opinion on June 9th but reached its decision on June 4th.

[4] The intervenors were the petitioners before the Board.

## JURISDICTION

Great Cruz Bay contends that the intervenors' appeal from the CZMC to the Board of Land Use Appeals was untimely filed. Under the Coastal Zone Management Act, 12 V.I.C. § 914(a) "any aggrieved person may file an appeal of an action by the Commission . . . within forty-five days thereof with the Board of Land Use Appeals . . . ." Great Cruz Bay maintains that because the time period lapsed on a Saturday and the appeal was not filed until the following Monday, the action is untimely. We disagree.

In Smith v. Kenny, 84 F.R.D. 113 (D.V.I. 1979), we held that Rule 6(a) of the Federal Rules of Civil Procedure applies to actions before the District Court.[5] Although the federal rules do not apply to administrative proceedings we find that the considerations of liberality and leniency found in Rule 6(a) could be analogously applied. See Union National Bank v. Lamb, 337 U.S. 38, 40–41 (1949). Furthermore, the Board of Land Use Appeals held that Rule 6(a) applied to actions before it. See exhibit 4 of Petition for Writ of Review.[6] We find this approach reasonable. A uniform system of time computation throughout the territory would avoid confusion and unnecessary procedural errors. Nonuniform, unpublished procedural rules should not bar review on the merits.

The primary cause for the host of issues in this action is the failure by the Board and the CZMC to promulgate internal rules and regulations. The enabling statute defines the limits of the agency's power. The rules and regulations are the mechanism by which the Act's purpose is implemented. See Nicholas v. Kahn, 405 N.Y.S.2d 135 (App. Div. 2d 1978).

Therefore, we disagree with Great Cruz Bay's contention that because the intervenors filed incorrectly, their appeal should not be allowed. Without having access to internal procedures, intervenors were required to do no more than give notice of their intention to

---

[5] Rule 6(a) provides in part

> TIME (a) *Computation.* In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

[6] Exhibit 4 is a letter dated May 23rd to petitioner from the Board informing Great Cruz Bay that its appeal was untimely.

appeal. Their decision to file their notice at a Board member's place of business rather than with the Board itself is not grounds for reversal if no prejudice occurred. Petitioner has not demonstrated that it was injured by the irregular filing.

The last jurisdictional error asserted by Great Cruz Bay is that the Board acted in an untimely manner. 12 V.I.C. § 914(c) provides that a public hearing shall be held sixty (60) days after the appeal is filed. This was not done.[7] At this juncture, however, we need not determine the penalty for the Board's untimely action since we find reversal warranted on due process grounds.

## DUE PROCESS

Great Cruz Bay raises several constitutional arguments to support its petition to reverse the decision of the Board of Land Use Appeals.

■ First, petitioner maintains that the Coastal Zone Management Act, 12 V.I.C. § 901 et seq. is constitutionally infirm because there has been an impermissible delegation of legislative authority. The general rule is that a legislature may not delegate its legislative function to an administrative body. The legislature may only create administrative agencies with power to function within a statutory framework which provides for standards that limit and guide the agencies' discretion. Those standards can be very broad. See, e.g., Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283 (9th Cir. 1979); Upholstered Furniture Action Council v. California Bureau of Home Furnishings, 442 F.Supp. 565 (E.D. Cal. 1977); Brotherhood of Locomotive Firemen and Enginemen v. Chicago B & Q Ry. Co., 225 F.Supp. 11 (D.D.C.) aff'd 331 F.2d 1020 (D.C. Cir.) cert. denied 377 U.S. 918 (1964).

■ The Coastal Zone Management Act defines the findings and goals of the legislation. See 12 V.I.C. § 903. By enumerating the motivating purposes of the Act, the legislature has indicated the limits within which the Commission and the Board must act. It is not the legislature's failure to supply clearly defined standards that makes the Board's actions fatally questionable; but rather it is the Board's failure to implement rules and regulations to protect the parties from arbitrary action that we find constitutionally impermissible. See Tosto v. Pennsylvania Nursing Home Loan Agency, 460 Pa. 1, 331 A.2d 198, 203-4 (Pa. 1975). The Board and the CZMC must establish adequate safeguards calculated to ensure that there is no

---

[7] The appeal was filed on February 25, 1980, and the public hearing was held on May 14, 1980, a time difference of 79 days.

bias, favoritism or substantive unfairness built into the system. City of Amsterdam v. Helsby, 371 N.Y.S.2d 404, 332 N.E. 290 (N.Y. 1975); see 12 V.I.C. §§ 904(g), 914(b).

Great Cruz Bay also maintains that the absence of adequate rules and regulations renders the appeal proceeding mortally flawed. As we noted above the absence of rules and regulations caused the myriad procedural problems encountered by the Board. Although the lack of procedure caused confusion it did not cause prejudice to the petitioner. Hence, no relief is warranted at this juncture for the Board's shortcoming.

■ Another assertion raised by Great Cruz Bay is that the lack of a proper record makes the Board's action legally deficient. In Kramer v. Government, 9 V.I. 246 (D.V.I. 1972), this Court held that the absence of a transcript of an administrative hearing is not grounds for a rehearing. At a minimum, the agency is required to disclose the facts upon which it relies and its conclusions therefrom. Id. at 250.

Petitioner further maintains that the Board failed to make findings of fact. 12 V.I.C. § 914 provides that "the Board shall set forth in writing and in detail the reasons for its decision and findings of fact." Furthermore, if the Board reverses the decision of the CZMC it must set forth findings that show consistency with the goals of the Act. Id., see 12 V.I.C. § 910(a)(2), (3), (4). In a one-page letter addressed to intervenors' counsel, the Board stated its decision. See exhibit 5 of Petition for Writ of Review. The Board did not state its reasons for modifying the decision of the CZMC. Id.

■ ■ The Board's action is not only contrary to the requirements of the Coastal Zone Management Act but it also contravenes Virgin Islands case law. See Virgin Islands Telephone Corp. v. Virgin Islands Public Service Comm. (Civ. No. 79-235, D.V.I. 1981); P.P. & D., L & D v. Government, 1978 St. T. Supp. 398, 409 (D.V.I. 1978); Kramer v. Government, 9 V.I. 246 (D.V.I. 1972). In the Virgin Islands Telephone case, this Court stated that meaningful administrative review cannot occur if the agency fails to set forth the basis of its decision. See S.E.C. v. Chenery Corp., 322 U.S. 194, 196 (1947); Matlovich v. Secretary of the Air Force, 591 F.2d 852, 857 (D.C. Cir. 1978). Hence, petitioner must prevail on this argument.

Finally we reach the contention most resolutely pressed by Great Cruz Bay, that it was denied an opportunity to fully and fairly defend the CZMC decision. Although the Board permitted Great Cruz Bay to present testimony and argument, it, in fact, restricted

Great Cruz Bay to "a small shot presentation". See transcript of the hearing before the Board of Land Use Appeals at p. 101. It should be noted that Great Cruz Bay was not a party to the appeal before the Board. Its status before the Board was akin to an intervenor. See Fed. R. Civ. P. 24(a). We find the words of Judge Friendly analogous and most persuasive.

> If this had been a civil action, intervention by the [petitioner] would have been not a matter of grace but of right, and such an intervenor would have had all the rights of a party subject only to reasonable provisions designed to assure against repetitious evidence and argument. We see no reason why a different principle should prevail before administrative agencies . . . .

Pepsico, Inc. v. F.T.C., 472 F.2d 179, 184 (2d Cir. 1972) cert. denied 414 U.S. 876 (1973); see F.C.C. v. National Broadcasting Co. (KOA), 319 U.S. 239 (1949); see generally 3 K. C. Davis, Administrative Law Treatise § 14:15 at 64–68 (2d vol. 1980).

■ The permit that the CZMC granted Great Cruz Bay was the issue on appeal. Clearly, Great Cruz Bay should have been afforded the same privileges as the parties to the administrative appeal. Thus the Board's action in limiting the time and scope of petitioner's case without placing the same restrictions on the named parties' rights was a deprivation of Great Cruz Bay's due process rights.

The last issue before us is whether the Board's adoption of some of the CZMC permit conditions was ultra vires. Because of our previous stated position, we need not reach this issue. However, we note in passing that the conditions imposed by the CZMC or the Board must conform to the limitations imposed by the Coastal Zone Management Act. The CZMC and the Board can impose only those conditions that help fulfill their legislative mandate.

## CONCLUSION

We find that the Board committed grave procedural errors in its handling of this cause. The Board's failure to promulgate internal rules and regulations caused jurisdictional questions that need not have surfaced. We will therefore, order that internal rules and regulations be promulgated in accordance with the Coastal Zone Management Act within sixty (60) days of the date of this decision.

It is the constitutional irregularities, however, that are of greater concern to this Court. The Board must afford to parties and those persons who are so situated that the disposition of the action may impair their ability to protect their interests, the same rights to

fully and fairly present their cause. See U.S. Const. amends. X, XIV; Fed. R. Civ. P. 24(a). The fact that these aggrieved persons are not parties before the Board does not affect their rights to procedural due process. This cause will be reversed and remanded for reconsideration in light of this opinion.