**HARRY ILLINGWORTH, CLAIRE JOAN REDMOND, PATRICK T. REDMOND, JANET L. MARTIN, PAUL C. MARTIN, SUE BEER, WILLIAM BEER, BETSY FITZPATRICK, JOHN FITZPATRICK, ROBERT F. MERRILL, KIMBERLE H. MERRILL, JOANNE STOUT, MARGARET A. TROY, JOHN G. TROY and LOUISE AVERY, Petitioners**

**v.**

**VIRGIN ISLANDS BOARD OF LAND USE APPEALS and the St. THOMAS COASTAL ZONE MANAGEMENT COMMITTEE, Respondents**

Civil No. 88-406

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 2, 1991

KATHARINE E. HARSCH, ESQ. (LAW OFFICES OF EDITH BORNN), St. Thomas, V.I., *for petitioner*

JESSE GOODE, ESQ. (Department of Justice), St. Thomas, V.I., *for respondents*

LAW OFFICES OF HODGE AND FRANCOIS, St. Thomas, V.I., *for intervenor*

KAUFMAN, *Senior United States District Judge,* Sitting by Designation

## MEMORANDUM AND ORDER

Before the Court for consideration are petitioners' objections to the Magistrate Judge's dismissal of petitioners' petition for writ of review; and a motion to intervene and for entry of judgment and award of fees, filed by Vessup Point Company, Inc. ("Vessup"). Responses to these motions have been adequately briefed by petitioners and Vessup.[1] Respondents V.I. Board of Land Use Appeals and St. Thomas Coastal Zone Management Committee have to date, not participated in this matter.

Argument with regard to the above motions was heard by this Court during the March 25, 1991 Motion Day. For the following reasons, Vessup's motion to intervene and petitioners' objections to the Magistrate Judge's ruling will be granted. Vessup's motion for entry of judgment will be denied, without prejudice to appropriate timely renewal. Vessup's pending motion for award of fees will be denied.

## I. FACTS

Because the pivotal issue before this Court is the timeliness of petitioners' petition for writ of review, the following procedural history is set forth in some detail:

On December 18, 1987, the St. Thomas Coastal Zone Management Committee ("CZM") approved a permit application filed by Vessup, seeking to construct a yacht basin at Parcel 9C, Estate Nazareth, St. Thomas. Thereafter, petitioners noted an appeal from that decision by the CZM to the Board of Land Use Appeals

---

[1] Vessup did not file a specific response to petitioners' objections; however, its position concerning petitioners' objections is clearly reflected in earlier oppositions filed by Vessup in this matter.

("Board").[2] On September 16, 1988, the Board met in an executive session and voted to affirm the CZM's decision. At the request of Attorney Maria Hodge, counsel for Vessup, a letter confirming that vote was sent to Attorney Hodge on September 22, 1991. On November 17, 1988, the Board sent copies of its November 4, 1988 written decision to the parties. The decision was received by petitioners' counsel on November 21, 1988 and the petition for writ of review now before this Court was filed by petitioners in this Court on December 23, 1988.

On January 25, 1989, Magistrate Judge Barnard (herein "Magistrate Judge") denied petitioners' petition for writ of review as not being filed within the thirty days required by V.I. Code Ann. tit. 5, App. V, Rule 11(a) (Equity 1982).[3] Illingworth v. Virgin Islands Board of Land Use Appeals, et al., Civil No. 88-406, slip op. at 1 (D.V.I. Jan. 25, 1989) (Barnard, Mag. J.). Thereafter, petitioners filed a motion to vacate, arguing that Title 5, Appendix V, Rule 11 does not apply to their petition which was filed under the provisions of the Coastal Zone Management Act. See V.I. Code Ann. tit. 12, §§ 901–914 (Equity 1982). Petitioners argued instead that their petition was timely filed under V.I. Code Ann. tit. 12, § 913(d).[4] In an order of March 10, 1989, the Magistrate Judge agreed that Title 12, Section 913(d) was controlling. Illingworth v. Virgin Islands Board

---

[2] Vessup asserts that petitioners' appeal to the Board was invalid because it failed to name the proper parties. Vessup argues that the Board lacked jurisdiction to consider that appeal and that this matter is not now properly before this Court. Petitioners assert that this issue was previously considered by the Board at an executive session held on May 17, 1988. They offer an uncontested claim that the Board found the underlying appeal to be proper. For purposes of this opinion, this Court will treat petitioners' statements as having been made in their capacity as officers of the court and assume that the Board possessed jurisdiction. To date, the parties have not presented argument in any depth as to that question. If the Board lacked jurisdiction, as Vessup contends, then Vessup may be entitled to judgment in this case for that reason. The Magistrate-Judge is accordingly asked to require the parties to brief that issue fully pursuant to the schedule issued by the Clerk of the Court as provided infra.

[3] V.I. Code Ann. tit. 5 App. V Rule 11(a) provides that a petition for writ of review "shall be filed within 30 days after the date of the decision or determination complained of . . ."

[4] V.I. Code Ann. tit. 12, § 913(d) provides in pertinent part that a petition for writ of review of a grant of a coastal zone application may be filed with the Court "within forty-five days after such decision or order has become final provided that such administrative remedies . . . have been exhausted."

of Land Use Appeals, et al., Civil No. 88-406, slip op. at 2 (D.V.I. March 10, 1989) (Barnard, Mag. J.). He held, however, that, in any event, the petition was not filed within the forty-five days required under Title 12, Section 913(d) and therefore denied petitioners' motion to vacate. Id. at 2–3. An additional motion to vacate filed by petitioners on similar grounds was denied by the Magistrate Judge on May 9, 1989. Illingworth v. Virgin Islands Board of Land Use Appeals, et al., Civil No. 88-406, slip op. (D.V.I. May 9, 1989) (Barnard, Mag. J.). The presently pending objections in the within appeal from the Magistrate Judge's ruling were filed thereafter.

## II. STANDARD OF REVIEW

■■ Petitioners' objections are filed pursuant to Fed. R. Civ. P. 72. Technically, that rule may not be applicable since this case has never been referred by the District Court to the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(B).[5] However, in any event, the timeliness of petitioners' petition for writ of review does present a dispositive issue which requires a decision by a district court judge. See e.g., West v. Redman, 530 F. Supp. 546, 548 (D. Del. 1982). Accordingly, this Court treats the Magistrate Judge's orders in this case as constituting, in their totality, a Report and Recommendation, and hereby considers de novo petitioners' claims pursuant to Rule 72(b). As provided by Rule 72(b),

> [t]he district judge to who the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions.

In evaluating petitioners' objections, this Court has reviewed the record, the somewhat ambiguous provisions set forth in the

---

[5] General authority to hear non-dispositive matters is lodged with the Magistrate Judge under V.I. Code Ann. tit. 5, App. V., Rule 17(a) (1982) which provides: [t]he magistrates are hereby designated to hear and determine in all civil cases any pre-trial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Coastal Zone Management Act[6] and the determinations set forth in Magistrate Judge Barnard's Orders of January 25, 1989, March 10, 1989 and May 9, 1989.

## III. DISCUSSION

■  The timeliness of petitioners' petition for writ of review depends upon a determination of when the Board's decision becomes final, thereby starting the running of the forty-five day statute of limitations. See V.I. Code Ann. tit. 12, § 913(d) (Equity 1982). As provided in V.I. Code Ann. tit. 12, § 914(d), "[t]he Board's action shall be final after four working days following its decision." Section 914(d) also requires that said decision "shall [be] set forth in writing and . . . detail the reasons for its decision and findings of fact upon which its decision is based." V.I. Code Ann. tit. 12, § 914(d).[7] The parties' dispute concentrates upon whether such a "decision" is an oral decision or vote issued by the Board, or the subsequent written decision formulated in accordance with Section 914(d).

Petitioners argue that Section 914(d) must be construed as providing that a Board decision is not final until the issuance of the Board's formal written decision. They assert that this formal action requirement was not accomplished by the Board's September 22, 1991 letter because the letter simply confirmed the Board's action without providing findings of fact or reasons as required by Section

---

[6] See LaVallee Northside Civ. Ass'n v. Coastal Zone Management Commission, 866 F.2d 616, 624–625 n. 4 (3d Cir. 1989).

[7] Section 914(d) provides in whole:

The Board, by majority vote of its authorized members, shall either affirm or reverse the Commission's or its appropriate Committee's or the Commissioner's action and shall either approve or deny an application for a coastal zone permit. If the Board grants an application for a coastal zone permit, the Board shall impose such reasonable terms and conditions on such permit as it deems necessary to achieve the objectives and purposes of this chapter. The Board shall set forth in writing and in detail the reasons for its decision and findings of fact upon which its decision is based. If the Board reverses a Committee's or the Commissioner's action on a coastal zone permit, it must make all of the findings required by section 910, subsection (a), paragraphs (2), (3) and (4) of this chapter. A copy of the Board's action shall be available at the Board's offices during ordinary business hours. The Board's action shall be final after four working days following its decision.

914(d).[8] Instead, petitioners contend that Section 914(d)'s writing requirement was met by the Board's issuance of its November 4, 1988 written decision. They conclude that the decision became final four days later, on November 8, 1988. Relying upon LaVallee Northside Civ. Ass'n v. Coastal Zone Management Commission, 866 F.2d 616 (3d Cir. 1989), petitioners argue that meaningful administrative review could not take place until the Board's findings of fact and reasoning were set forth in writing.

Vessup asserts that the Board's decision became final on September 22, 1988, the date following four working days after the Board's September 16, 1988 vote, and the date upon which the Board's letter to counsel was issued. In so stating, Vessup contends that the "decision" or "action"[9] referred to in Section 914(d) is the oral vote taken by the Board on September 16, 1988. Vessup focuses upon the word "action" in Section 914(d), suggesting that it is the taking of "action" as opposed to what Vessup describes as the "ministerial task" of issuing a written decision that is controlling. In that context Vessup attaches significance to Section 914(d)'s requirement that a copy of the Board's *action,* (as opposed to decision) be available for public inspection.

Vessup also emphasizes the fact that the Board publicly announced its affirmation of the CZM and at that time, orally explained the reasons for its decision during the September 16, 1988 meeting. Vessup notes that petitioners, and their attorney attended the September 16, 1988 meeting. It maintains that petitioners possessed all the information necessary to appeal the Board's decision immediately after the Board's September 16, 1988 vote. Thus, Vessup concludes, it is the action, and not the written statement of

---

[8] The September 22, 1988 letter reads as follows:

Dear Attorney Hodge:

Pursuant to your request of September 21, 1988, this letter will confirm that on September 16, 1988, the Board of Land Use Appeals affirmed the issuance of Coastal Zone Permit No. CZT-109-87W. The Board's written decision, setting forth the reasons for its decision and findings of fact upon which its decision is based, will be forthcoming.

Very truly yours,
Aloy W. Nielsen
Chairman

cc: Edith Bornn, Esq.
    Ronald Belfon, Esq.

[9] The words appear to be used interchangeably in Section 914(d).

reasons, which invokes the four day finality provision contained in Section 914(d) upon which Vessup relies.

Although the Magistrate Judge issued three orders addressing the timeliness of petitioners' petition, his recommendations as to the proper construction of Sections 913(d) and 914(d) are set forth only in his March 10, 1989 order. Therein, the Magistrate Judge acknowledged that under Section 914(d), the Board's action becomes final "after four working days following its decision." Illingworth v. Virgin Islands Board of Land Use Appeals, et al., Civil No. 88-406, slip op. at 2 (D.V.I. March 10, 1989) (Barnard, Mag. J.). He concluded that the "decision" was issued on September 16, 1988, the date upon which the Board voted to affirm the CZM, Id., and further stated that "notice of [the Board's] decision" was sent to counsel on September 22, 1989. Id. Without specifying whether the September 22, 1988 letter fulfilled Section 914(d)'s writing requirement, the Magistrate Judge determined that petitioners' petition was not timely filed within the forty-five days required by Section 913(d).

■ After reviewing the underlying record, the parties' arguments, pertinent case law and the Magistrate Judge's recommendations, this Court is of the view that the Board's decision became final on November 8, 1988, i.e., four working days after the issuance of its November 4, 1988 written decision. Because this Court has found no case law directly on point,[10] this Court's focus herein is upon the meaning and purpose of Sections 913(d) and 914(d). Section 913(d) provides for judicial review of Board decisions by allowing for the filing of a petition for writ of review in accordance

---

[10] Some of the cases cited by the parties involve administrative appeals from the CZM to the Board as opposed to as herein, review by this Court of a Board decision. V.I. Conservation Society v. V.I. Board of Land Use Appeals, 881 F.2d 28 (3d Cir. 1989) raised the question of the tolling of the statutory time period for the seeking of Court review, by the filing with the administrative body, therein involved, of a petition for reconsideration. The specific issue, of what Board action invokes the "finality" provision of Section 914(d) with relation to review by this Court of a Board decision, has apparently never been specifically decided.

with Title 5, Appendix V, Rule 11.[11] Under Rule 11, a petition for writ of review

> shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein. The petition shall be signed by the petitioner or his attorney, and shall be accompanied by the certificate of the attorney that he has examined the process or proceeding and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay.

V.I. Code Ann. tit. 5, App. V R. 11(a) (Equity 1982). The Virgin Islands courts have interpreted the 30 day requirement of Rule 11 as commencing from the date that the petitioner receives notice of the administrative decision, as opposed to the date upon which such decision was issued, see e.g., In Re Hodge, 16 V.I. 548, 553 (Terr. 1979), citing Gordon v. King, Civil No. 98/1977 (D.V.I. Jan. 31, 1978), and as requiring the underlying administrative findings to be issued in written form. Such a procedural requirement is certainly helpful, if not essential, to meaningful court review. See Great Cruz Bay Development Co., Inc. v. V.I. Board of Land Use Appeals, 18 V.I. 536, 542 (D.V.I. 1981); Donastorg v. Government Employees Service Commission, 285 F. Supp. 111 (D.V.I. 1968); Penn v. Virgin Grand Beach Hotel, Civil No. 87-225, slip op. (D.V.I. February 21, 1990). With the exception of the Section 913(d) forty-five day statute of limitations, petitions for writ of review filed in the District Court under the Coastal Zone Management Act are subject to the requirements of Title 5, Appendix V, Rule 11. V.I. Code Ann. tit. 12 § 913(d). Accordingly, the above precedents with respect to Rule 11 present strong reason for concluding herein that the Section 914(d) "decision" or "action" becomes final only when

---

[11] V.I. Code Ann. tit. 12, 913(d) (Equity 1982) provides:

> Pursuant to Title 5, Chapter 97 and Appendix V, Rules 10 and 11 of this Code, a petition for writ of review may be filed in the District Court of the Virgin Islands in the case of any person aggrieved by the granting or denial of an application for a coastal zone permit, including a permit or lease for the development or occupancy of the trust lands or other submerged or filled lands, or the issuance of a cease and desist order, within forty-five days after such decision or order has become final provided that administrative remedies as are provided by this chapter have been exhausted.

172

it is issued in its written form. Such an interpretation will also provide consistency with Rule 11 precedent and avoid different treatment concerning the finality of Board decisions as opposed to other administrative decisions.

Similarly, because Rule 11, in conjunction with Section 913(d), requires the filing of an attorney's certification, it would seem that a written decision should be available for review by a petitioner's attorney prior to the filing of the petition for writ of review. In the past, petitions for writ of review filed without an attorney's certification, have been dismissed by the Virgin Islands courts as procedurally deficient. See e.g., Simmon v. Christian, 12 V.I. 307 (D.V.I. 1975). Therefore, the attorney certification is an integral component of an evaluation of a writ of review. If a Board action became final four days after an oral vote, it is conceivable that an attorney would be constrained to file a "protective" petition for writ of review, prior to the issuance of a written decision, for purposes of avoiding the possible bar of limitations. Cf. V.I. Conservation Society v. Board of Land Use Appeals, 881 F.2d 28, 33 (3d Cir. 1989). In doing so, an attorney's Rule 11 certification might be based solely upon those oral statements, if any, made by the Board at its meeting. Such a practice encourages inaccuracy and meritless petitions in violation of Title 5, Appendix V, Rule 11; Vessup's construction of Section 914(d) thus would not aid the purpose of the Rule 11 attorney certification. While, this Court notes Vessup's contention that in attending the September 16, 1988 meeting, petitioners received all necessary information to enable them to appeal to the Board, this Court is of the view that an attorney before deciding to seek court review, should carefully analyze the Board's written findings and written reasons before deciding whether to sign and file the required attorney's certificate.[12]

---

[12] If the Board desires to have the record of the proceeding before it, together with its oral findings and reasons, constitute such written findings and written reasons, the Board can of course so state, and afford to any objecting party the opportunity to order the transcript of the proceeding, and order that such findings and reasons shall constitute its decision, effective as of the date that the transcript is made available to the parties. Thereafter, the four day period of Section 914(d) and the 45 day period of Section 913(d) would commence to run.

## IV. CONCLUSION

■ This Court holds that, as a practical matter, and in order to achieve consistency with Virgin Islands precedents, under V.I. Code Ann. tit. 12, §§ 913(d) and 914(d), the Board's September 16, 1988 affirmation of the CZM became final four working days after the issuance of its November 4, 1988 written decision. Such a result accords with V.I. Code Ann. tit. 5, App. V, Rule 11, and prior judicial construction of the general writ of review statute in Title V. Moreover such a result assures that a petition for writ of review will be grounded upon alleged errors evident in and from an underlying written decision of the Board as opposed to a possibly incomplete oral recitation by the Board of its reasons and findings of fact. If the Virgin Islands legislature had not been concerned about such possible inaccuracies, no doubt it would not have inserted the writing requirement into Section 914(d).

Accordingly, it is hereby ORDERED that petitioners' objections to the Magistrate Judge's ruling dismissing petitioners' petition for writ of review are GRANTED and Magistrate Judge Barnard's recommendations as contained in his orders of January 25, 1989, March 10, 1989 and May 9, 1989 are herein REJECTED.

IT IS FURTHER ORDERED that Magistrate Judge Barnard's orders of January 25, 1989, March 10, 1989 and May 9, 1989 are hereby VACATED and petitioners' petition for writ of review is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a writ in this matter to respondent within ten (10) days of the filing of this Memorandum and Order. The Clerk is hereby directed to establish, as promptly as possible, a schedule for submission of written briefs by counsel addressing the jurisdictional issue discussed in Note 2, infra, and also, any and all of the remaining issues in this case, including any and all substantive issues which petitioners desire to present for review by the Court under the substantial evidence standard.

IT IS FURTHER ORDERED that the motion to intervene filed by Vessup Point Company, Inc. is GRANTED.

IT IS FURTHER ORDERED that the motion for entry of judgment filed by Vessup Point Company, Inc. is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the motion for award of fees filed by Vessup Point Company, Inc. is DENIED.