# EDWIN R. KRAMER, THEODORE A. GIATTINI, ALAN V. RUSHTON, and ROLF H. BOULON

v.

# GOVERNMENT OF THE VIRGIN ISLANDS; BOARD OF ZONING, SUBDIVISION AND BUILDING APPEALS OF THE VIRGIN ISLANDS, ST. CROIX DRIVE–IN–THEATER,

Intervenor in the District Court

EDWIN R. KRAMER, Appellant in No. 71-1212

THEODORE A. GIATTINI, Appellant in No. 71-1213

ALAN V. RUSHTON, Appellant in No. 71-1214

ROLF H. BOULON, Appellant in No. 71-1215

Nos. 71-1212, 71-1213, 71-1214 and 71-1215

United States Court of Appeals

Third Circuit

Submitted September 13, 1971

Decided November 23, 1971

KEVIN J. BUTLER, ESQ., Charlotte Amalie, St. Thomas, V.I.,
*for appellants*

EILEEN R. PETERSEN, ESQ., Assistant Attorney General, St.
Thomas, V.I., *for appellee, Gov't of V.I.*

CLARENCE A. MCLAUGHLIN, ESQ. (BORNN, MCLAUGHLIN
& FINUCAN), St. Thomas, V.I., *for appellee, (Intervenor
in D.C.) St. Croix Drive-In-Theater*

Before STALEY, ADAMS and ROSENN, *Circuit Judges*

OPINION OF THE COURT

STALEY, *Circuit Judge*

Appellants, Edwin R. Kramer, Theodore A. Giattini,
Alan V. Rushton, and Rolf H. Boulon, owners of property
directly overlooking the site of a proposed drive-in theater,

are appealing from an order of the District Court of the Virgin Islands dismissing their complaint. They had appealed from a decision of the Board of Zoning, Subdivision and Building Appeals of the Virgin Islands ("Board of Appeals"), approving an application for a special zoning exception by the Intervenor St. Croix Drive-In-Theater, Inc.

■ The intervenor initially applied for this exception to the Virgin Islands Planning Board. Appellants filed letters of objection, and one of them appeared before the Planning Board. The Planning Board ruled in appellants' favor, and the intervenor appealed to the Board of Appeals which reversed the Planning Board's decision and approved the special exception for construction of the drive-in theater. The appellants did not appear before the Board of Appeals. Appellants then sought review of this decision in the district court as provided in 29 V.I.C. § 270. The statute provides in part:

"Any person aggrieved by any decision of the Board may seek review of the same by the District Court of the Virgin Islands. Appeal for such review must be made with 30 days of receipt of decision by the person seeking review."

The district court, in dismissing their complaint, held that since appellants were not parties before the Board of Appeals, under this statute they had no standing to seek review of its decision. It reasoned that since the time within which review may be sought runs from the date that the would-be appellant receives the Board's decision, and since the Board would notify only those parties before it, it then follows that persons who were not parties before the Board cannot come within the class of "any person aggrieved."[1]

---

[1] The district court felt that this interpretation was further supported by 5 V.I.C. § 1421 wherein the term "party" is used to denote those who may appeal. 5 V.I.C. § 1422 provides, however, that "The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy." Since 29 V.I.C. § 270 provides for its own review, we view 5 V.I.C. § 1421 as inapplicable to the instant case.

We cannot agree with the district court's interpretation. The Virgin Islands Legislature chose the words *"any person aggrieved by any decision"* (emphasis added) to delineate the class of persons granted the right of review under this statute. It is a well settled rule of statutory construction that the legislature must be presumed to use words in their known and ordinary significance. See Commissioner of Internal Revenue v. Brown, 380 U.S. 563, 571 (1965); In re Estate of Noel, 332 F.2d 950, 952 (C.A.3, 1964), rev. on other grounds, 380 U.S. 678 (1965). Application of this principle to the instant case can lead to but one result. "Any person aggrieved by any decision" encompasses all persons who are aggrieved by any decision of the Board of Appeals, not just parties before the Board. The only limitation upon the class is that they be aggrieved. The thirty-day period within which an appeal must be taken is not a limitation upon the class of persons granted the right of appeal but rather an attempt to limit the time in which such an appeal may be taken. In determining whether or not a person is aggrieved, Federal courts have held that to be aggrieved an affected party need not have a personal economic interest. He needs only to show a direct personal interest. See Scenic Hudson Preservation Conference v. Federal Power Commission, 354 F.2d 608, 615 (C.A.2, 1965, cert. denied, 384 U.S. 941 (1966)). In that case, the court, in interpreting a statute similar to the statute involved in the instant case, held:

"Those who by their activities and conduct have exhibited a special interest in such areas must be held to be included in the class of aggrieved parties . . . ." 354 F.2d at 616.

Appellants in the instant case meet this criterion. As land owners in the area of and overlooking the site of a proposed drive-in theater, they have a special and direct personal

interest in its location.[2]

The order of the district court will be reversed and the cause remanded for proceedings not inconsistent with this opinion.

---

[2] On appeal appellants also asserted that they were not given sufficient notice of the hearing before the Board of Appeals. In light of our determination in this case, we need not reach the merits of this contention.