IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST IVAN HODGE,

A Student at the College of the Virgin Islands

Misc. No. 5/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 26, 1979

RONALD T. MITCHELL, ESQ. (PALLME, ANDUZE, MITCHELL & DOW), St. Thomas, V.I., *for Ivan Hodge*

EDWARD A. WASCOE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for College of the Virgin Islands*

FEUERZEIG, *Judge*

This matter comes before the court on the appeal of petitioner Ivan Hodge from a disciplinary decision of Dean Arthur A. Richards, Acting President of the College of the Virgin Islands (hereinafter CVI). Petitioner styled his original pleading "Appeal from Administrative Decision." CVI responded by filing a motion to dismiss for lack of jurisdiction, arguing that there is no statutory authority for a direct appeal to the territorial court and that petitioner's only remedy is by the issuance of writ of review, which the territorial court does not have jurisdiction to issue. CVI argues further that even assuming that this court has jurisdiction to issue a writ of review, the petitioner failed to comply with the requirements for issuance of a writ pursuant to 5 V.I.C. § 1421 et seq. and 5 V.I.C. App. V, R. 11.

The court agrees that the petitioner is not entitled to appeal directly the decision of the Acting President of CVI, but the court holds that it does have jurisdiction to issue writs of review, and that the petition is timely. Respondent's motion to dismiss, therefore, will be denied.

## *Right of Appeal*

Petitioner argues that "decisions of the College which deprive a student of a substantial benefit available to all students . . . are appealable as of right, as is the case with adjudicative decisions of all other public institutions." Jurisdiction of the territorial court to hear such an appeal, he asserts, is found in 4 V.I.C. § 74(5) read in conjunction with the Territorial Court Act, 4 V.I.C. §§ 75, 76 (1978 Supp.).[1]

---

[1] 4 V.I.C. § 75 provides:

The Territorial Court shall have original, exclusive jurisdiction—
    (1) of all civil actions wherein the matter in controversy does not exceed the sum of $500, exclusive of interest and costs;

Section 74(5) of Title 4 granted the former municipal court jurisdiction

of all appeals from decisions or determinations of an officer, board, commission, authority or tribunal.

Although the Territorial Court Act does not specifically grant this court appellate jurisdiction, petitioner contends the rules of statutory construction and an analysis of legislative intent supports the conclusion that this court still has the appellate jurisdiction conferred upon the former municipal court by 4 V.I.C. § 74(5).

It is undisputed that the intent of the Legislature in adopting the Territorial Court Act was to enlarge the jurisdiction of the former municipal court. Richards v. Election Committee of St. Thomas-St. John, 13 V.I. 531 (Terr. Ct. 1977). See Territorial Court Act, Act No. 3876, Preamble, 1976 V.I. Sess. Laws 186 (1976). However, even assuming that the Territorial Court Act did not effect or eliminate this court's appellate jurisdiction over administrative decisions, the question remains whether the petitioner has a right to appeal such an administrative decision.[2]

An appeal is a privilege that is granted either by the Revised Organic Act or by statute, and the right to appeal does not exist unless it is expressly granted. In re Brown, 7 V.I. 545, 439 F.2d 47 (3d Cir. 1970). Since there is no inherent right of appeal from an inferior court to a higher court, it is beyond question that no appeal lies from an order or decision of an administrative agency unless the right is granted by the Revised Organic Act or by statute.

---

4 V.I.C. § 76(a) provides:
The territorial court shall have original jurisdiction concurrent with that of the district court in all civil actions wherein the matter in controversy exceeds the sum of $500 but does not exceed the sum of $50,000;

[2] Because of the conclusion reached, the court does not decide whether this court, pursuant to the Territorial Court Act, retains jurisdiction granted by 4 V.I.C. § 74(5).

See In re State ex rel. Employment Security Commission, 234 N.C. 651, 68 S.E.2d 311, 312 (1951). Indeed, unless the Revised Organic Act requires it, the Legislature in its discretion may grant or withhold the right to judicial review of administrative actions. See Estep v. United States, 327 U.S. 114, 120 (1946). Petitioner cites the court to no provision of the Revised Organic Act nor to any statute that grants him a right of appeal. Nowhere in Chapter 33 of Title 17 of the Virgin Islands Code, which establishes the College of the Virgin Islands, is there mention of a right to appeal college disciplinary decisions or for that matter any other decision by CVI. Absent such a statutory grant, this court knows of no authority by which it may imply a right to appeal.[3] Accordingly, it holds that petitioner may not directly appeal the decision of the Acting President of CVI.

## Writ of Review

■ Although the Legislature did not grant a right of appeal from disciplinary decisions of CVI, it did provide for judicial review of those decisions by writ of review pursuant to 5 V.I.C. § 1421 et seq., 5 V.I.C. App. V, R. 11. A writ of review is allowed in "all cases where there is no appeal or other plain, speedy, and adequate remedy." 5 V.I.C. § 1422. There being no other statute providing for a review of decisions of CVI, the writ of review clearly is appropriate here. See Kramer v. Government of the Virgin Islands, 8 V.I. 449, 451, 453 F.2d 1246, 1247 (3d Cir. 1971), where the court noted a writ of review was inapplicable to review decisions of the Board of Zoning, Subdivision and Building Appeals of the Virgin Islands be-

---

[3] The Legislature has granted the right to appeal decisions over various administrative agencies. See, e.g., 24 V.I.C. § 256(c), pertaining to workmen's compensation; 29 V.I.C. § 270, Act No. 801, § 270, 1961 V.I. Sess. Laws 290 (1961) (current version at 29 V.I.C. § 236(k)) pertaining to the Board of Zoning, Subdivision and Building Appeals, and 6 V.I.C. § 63 pertaining to the St. Croix Airport Zoning.

cause 29 V.I.C. § 270, Act No. 801, § 270, 1961 V.I. Sess. Laws 290 (1961) (current version at 29 V.I.C. § 236(k)) provided for judicial review of those decisions. CVI, however, argues that only the federal district court has the power to issue a writ of review.[4] The court disagrees and finds that it has jurisdiction to issue writs of review.

Jurisdiction to issue writs of review is not limited to the district court by 5 V.I.C. § 1421 et seq., which merely provides for review by "the court," 5 V.I.C. § 1421, and states, for example, that "the court shall have power to affirm, modify, reverse, or annul the decisions or determination reviewed . . .". 5 V.I.C. § 1423. Thus nothing on the face of 5 V.I.C. § 1421 et seq. precludes the territorial court from exercising its jurisdiction to issue writs of review. Moreover, 5 V.I.C. § 1(b) provides:

This subtitle [Title 5, subtitle 1, Civil Procedure] applies to proceedings in the district court. It also applies to proceedings in the municipal court unless otherwise provided in this subtitle or in rules adopted by the district court applicable to the municipal court.[5]

The provisions governing writs of review, 5 V.I.C. § 1421 et seq., are part of Title 5, subtitle 1, Civil Procedure.

The court can find nothing in either subtitle 1 or the rules adopted by the district court that purports to limit jurisdiction to issue writs of review to the district

---

[4] The district court's authority to issue writs of review is found in 4 V.I.C. § 34, which provides:

The *district court* may from time to time prescribe rules, consistent with law and with the rules adopted by the Supreme Court, for the conduct of its business and may issue *writs of* habeas corpus, *review* and prohibition and all other writs and make mandatory orders and all other orders necessary or appropriate in aid of its original or appellate jurisdiction and agreeable to the usages and principles of law. (Emphasis added.)

[5] The Territorial Court Act, set out in note 2 under 4 V.I.C. § 2 (1978 Supp.), provides:

Wherever the name "Municipal Court of the Virgin Islands" appears in the Virgin Islands Code or other statutes of the Virgin Islands in other than a historical sense, the same is hereby amended to read "Territorial Court" or "Territorial Court of the Virgin Islands," as the case may be.

court, and CVI again has not cited the court to any such authority. The court, therefore, concludes that it has jurisdiction to issue writs of review pursuant to 5 V.I.C. § 1421 et seq.,[6] and accordingly will exercise jurisdiction over the case sub judice.[7]

CVI argues further, however, that even if the territorial court has jurisdiction to issue a writ of review, the petitioner has failed to comply with the procedural requirements of 5 V.I.C. App. V, R. 11, and that the petition should therefore be dismissed. CVI contends that the petition was not timely filed, that it sets forth no errors committed in the decision complained of, that it contains no attorney's certificate, and that it circumvents the requirements of a bond, all in violation of Rule 11. Although the court recognizes that substantial non-compliance with the requirements of Rule 11 bars a petitioner from proceeding under 5 V.I.C. § 1421, Simmon v. Christian, 12 V.I. 307 (D.V.I. 1975),[8] all the defects claimed by CVI, except timeliness, are curable. See Emanual v. Haizlip, Civil No. 74/252 (D.V.I., Div. St. T. & St. J., June 12, 1974), in which petitioner was ordered to submit an amended petition conforming fully to the requirements of 5 V.I.C.

---

[6] Cf. Rouss v. Government, 13 V.I. 203 (Terr. Ct. 1977), holding that the territorial court has jurisdiction to entertain a mandamus action pursuant to 5 V.I.C. § 1361(a), even though that section provides that "the *district court* may issue a mandatory order." (Emphasis added.) The court reasoned that the concurrent jurisdiction of the district and municipal courts allows consideration of an action unless jurisdiction is exclusively limited to the district court, and noted that the applicable sections of the Virgin Islands Code did not limit the ability of the municipal court "to hear a mandamus action." Although the court did not explicitly recognize the change in name from municipal to territorial court, the decision must be construed to implicitly recognize the name change, because the mandamus was issued by the territorial court.

[7] Although the petitioner's original pleading was styled "Appeal from Administrative Decision," the court, based on the arguments made on behalf of the plaintiff, construes it as a pleading in the alternative for a writ of review.

[8] In Simmon v. Christian, 12 V.I. 307 (D.V.I. 1975), the petitioner failed to file an attorney's certificate and filed the petition for writ of review four months after the 30-day period for filing.

§ 1422. Discussion of the alleged defects in the petition, therefore, will be limited to the issue of timeliness.

A petition for writ of review must be filed "within 30 days after the date of the decision or determination complained of." 5 V.I.C. App. V, R. 11(a). CVI argues that the Rule 11(a) time requirement is jurisdictional, that the petition was filed 31 days after the date of the decision, and that therefore it should be dismissed. Petitioner argues, on the other hand, that the court may waive the time requirement of Rule 11(a).

■ The court agrees with CVI that the court lacks jurisdiction to entertain an untimely petition for writ of review. Brathwaite v. Government Employees Service Commission, Civil No. 76/432 (D.V.I., Div. St. T. & St. J., July 22, 1976). See also Liburd v. Virgin Islands Department of Labor, Civil No. 77/221 (D.V.I., Div. St. T. & St. J., Jan. 31, 1979). However, the 30-day filing period of Rule 11(a) runs from the date of notice to petitioner of the offending decision and not from the date the decision is rendered. Gordon v. King, Civil No. 98/1977 (D.V.I., Div. St. T. & St. J., Jan. 31, 1978). The court, therefore, must determine the date of notice to petitioner before passing on the timeliness of the petition.

CVI has submitted affidavits attesting that its decision was hand-delivered to the petitioner on May 8, 1979. The petition was filed June 8, 1979. Accordingly, were May 8, 1979, the legally significant date of notice, the petition would not be timely filed because the filing period would have expired on June 7, 1979.[9] Notice to petitioner on

---

[9] Computation of time is based on local court rule, 5 V.I.C. App. IV, R. 9, which provides:

> In computing any period of time, the date of the act or event after which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday.

May 8, 1979, is not, however, notice from which the 30-day filing period in this case will run.

Where a party is represented by an attorney, Rule 5(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 5, 5 V.I.C. App. IV, R. 7, requires service of orders and other papers to be made on the attorney. This requirement is to be followed literally, and service upon a party represented by an attorney does not comply with the rule. 4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1145, p. 583 (1973).

■ CVI has no established rule for service of appeals decisions by the President, or, in this case, the Acting President.[10] There being no rule, the court believes Rule 5(b) of the Federal Rules should serve as the guidepost. Certainly the theory behind the rule that service on an attorney will expedite preparation of a case for prompt adjudication on the merits, Wright & Miller, supra, is applicable to judicial review of decisions of the President of CVI. The requirement of service on an attorney assumes even greater importance where, as here, a petition for review must be filed within a specified, jurisdictional time. Accordingly, the court holds that since the petitioner was represented by an attorney at the proceeding from which he seeks judicial review, the 30-day requirement of 5 V.I.C. App. V, R. 11(a) begins to run from the date the aggrieved party's attorney received notice of the decision.

CVI does not dispute that the petitioner was represented

---

[10] The court by order dated September 19, 1979 directed CVI to file with the court "any rules and regulations pertaining to service upon a party of decisions of the College of the Virgin Islands in appeals of disciplinary proceedings." Counsel in reply submitted a portion of the College of the Virgin Islands Student Handbook, p. 11, which in pertinent part provides:

Appeals [of disciplinary proceedings] may be made to the President of the College, including the request for a formal hearing. The student may decide to have legal representation. In that case, the College reserves the right to have legal representation also. In these cases, notice of hearing and other pertinent information will be disseminated by the President or his representative.

by counsel at the hearing in question. In fact, although CVI rules again do not so require, CVI did send a copy of its decision to petitioner's counsel. Counsel for petitioner has submitted an affidavit stating that he received a copy and notice of Dr. Richards' decision in the mail on May 10, 1979. Thus the 30-day filing period did not expire until June 9, 1979. The petition was filed on June 8, 1979, and is therefore timely. Accordingly, CVI's motion to dismiss will be denied.

## ORDER

This court having entered a memorandum opinion this date, it is

ORDERED that respondent's motion to dismiss is hereby denied, and it is

ORDERED that petitioner cause an amended petition to be filed in this action conforming to the requirements of 5 V.I.C. App. V, R. 11 not later than ten days from the date of this order, and it is

ORDERED that if petitioner fails to comply with the foregoing directions the petition will be dismissed.